IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARVIN BRUCE BRANDON, § | |
| (TDCJ-CID #385486) § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-10-2819 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

The petitioner, Marvin Bruce Brandon, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for aggravated sexual assault. The respondent moved for summary judgment on the ground that the petition was filed too late. (Docket Entry No. 12). Brandon filed a response. (Docket Entry No. 14). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.    Background**

Brandon pleaded guilty to the felony offense of aggravated sexual assault. (Cause Number 17,303). On October 16, 1984, the jury sentenced Brandon to a twenty-five year prison term and assessed a $10,000 fine. The Ninth Court of Appeals of Texas affirmed Brandon's conviction on November 13, 1985. The Texas Court of Criminal Appeals refused Brandon's petition for discretionary review on January 21, 1987.

Brandon filed a total of four state habeas applications. On February 1, 1988, Brandon filed his first state application for postconviction relief. *Ex parte Brandon,* Application No. 18,104-01

at cover. He raised the denial of confrontation and the denial of due process. (*Id.* at 2). On April 6, 1988, the Texas Court of Criminal Appeals denied the application without written order. *Id.* at cover.

Brandon filed a second state habeas application on February 23, 2009. *Ex parte Brandon*, Application No. 18,104-02 at cover. Brandon complained of the revocation of his mandatory supervision on October 31, 2008. He argued that he was not able to comply with three conditions of his mandatory supervision – that he submit to a yearly polygraph examination, a yearly sex-offender evaluation, and sex offender therapy – because he was financially unable to pay for these services. *Id.* at 7. On April 3, 2009, the state habeas court ordered the TDCJ-CID Office of the General Counsel or to designee to file an affidavit addressing certain controverted issues. *Id.* at 19-20. On May 1, 2009, Christina Propes, Assistant Director for the Review and Release Processing Section of the TDCJ Parole Division, filed an affidavit[1] addressing the issues designated by the state habeas court. (*Id.* at 23-26). On August 19, 2009, the Texas Court of Criminal Appeals dismissed the second application without written order under Tex. Gov't Code § 501.0081(b)-(c).[2] *Id.* at cover.

---

[1] From this affidavit, Brandon learned that TDCJ records incorrectly stated that he was serving two sentences instead of one sentence.

[2] Section 501.0081 concerns dispute resolution and time-served credits and provides as follows:

> (a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
> (1) the inmate receives a written decision issued by the highest authority

On December 17, 2009, Brandon filed his third state habeas application. *Ex parte Brandon*, Application No. 18,104-03 at cover. He complained that the TDCJ was holding him beyond his discharge date of August 4, 2009. *Id.* at 7. On March 17, 2010, the Texas Court of Criminal Appeals dismissed the third application without written order under Tex. Gov't Code § 501.0081(b)-(c). *Id.* at cover.

On March 29, 2010, Brandon filed his fourth state habeas application. He raised the following grounds: (1) the trial court erred in finding him guilty of a second offense, in violation of due process; (2) he was denied counsel substitute during a revocation hearing; and (3) the State erred in finding that Brandon had been out of custody for 5,622 days. *Ex parte Brandon*, Application No. 18,104-04 at 7-9. The Texas Court of Criminal Appeals dismissed the application without written order on June 9, 2010, under Tex. Gov't Code § 501.0081(b)-(c).

On August 6, 2010, this court received Brandon's federal petition. The petition was filed when Brandon tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,*

---

provided for in the resolution system; or

(2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

TEX. GOV'T CODE § 501.0081 (West 2011).

149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Brandon deposited his federal petition in the prison mail on the date he signed it, August 5, 2010. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Brandon contends that his conviction is void because the trial court erred in finding him guilty of a second offense; and appellate counsel rendered ineffective assistance by failing to challenge the finding of guilt as to the second conviction. Brandon concedes that this second claim lacks merit and seeks to dismiss it. (Docket Entry No. 14, Petitioner's Response, p. 3).

The threshold issue is whether this federal petition was filed too late to permit this court to consider Brandon's claims.

## II.  Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this federal petition, Brandon challenges his 1984 conviction for aggravated sexual assault. The date when Brandon discovered the factual predicate of his claims, not the date when Brandon's state conviction became final, determines the timeliness of this federal petition.

Brandon refers to the April 28, 2009 sworn affidavit of Christina Propes, assistant Director of the TDCJ Parole Division. This affidavit states that Brandon was serving two concurrent 25-year sentences for aggravated sexual assault in Cause Number 17,303. (Docket Entry No. 2, Petitioner's Memorandum, p. 2). Brandon states that on March 18, 2010, the Texas State Counsel for Offenders notified him that his records had been corrected to reflect that he is only serving one 25-year sentence in Cause Number 17,303. (*Id.* at 3). Brandon argues that he learned of the factual predicate of his claim on March 18, 2010. Brandon states that March 18, 2010 is the date he "became convinced that he had a second erroneous conviction on his record." (Docket Entry No. 14, Petitioner's Response, p. 5). He is apparently arguing that the later date is when he had confirmation that the TDCJ records were incorrect.

Brandon's argument is inconsistent with the Fifth Circuit's opinion in *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998). In *Flanagan*, the petitioner argued that the one-year limitations period did not begin to run until he obtained an affidavit from his trial counsel supporting

his claim that he was not informed of his right not to testify. The Fifth Circuit concluded that the lawyer's affidavit was not part of the factual predicate of Flanagan's claim. Flanagan already knew that he was called to testify without knowing he had the right to refuse. The Fifth Circuit explained:

> Flanagan is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of his claim ... Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.

*Id.*

Brandon did not have to wait until he received notification from the State Counsel for Offenders or confirmation from TDCJ to know the factual predicate of his claim that the TDCJ records were incorrect. Brandon is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim. The notification from the State Counsel for Offenders did not change the character or basis of Brandon's claim. Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case nearly one year, while a habeas petitioner gathers evidence that might support his claim. *Flanagan,* 154 F.3d at 199.

Brandon first learned that the TDCJ records incorrectly stated that he was serving two concurrent sentences from the affidavit of Christina Propes, which was filed on May 1, 2009. He filed his objection to the affidavit in the state habeas court on May 14, 2009. *Ex parte Brandon,* Application No. 18,104-02 at 101-105. The March 2010 notification by the State Counsel for Offenders provided evidence of the fact the incorrect TDCJ record that he already knew. Brandon's contention that the one-year statute of limitations did not begin to run until after he received the notification in 2010 is without merit.

The date Brandon learned of the factual predicate of his claim triggers the one-year limitations period. He learned of the factual predicate on May 14, 2009. The limitations period ended one year later, on May 14, 2010. Brandon did not file this federal petition until August 5, 2010.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). Of the four state habeas applications Brandon filed, only the fourth related to his current claim that the TDCJ records were erroneous. This fourth state habeas application did not make his federal petition timely. The one-year limitations period began on May 14, 2009. Brandon waited 319 days, or until March 29, 2010, before filing his fourth state habeas application. The Texas Court of Criminal Appeals denied this fourth application on June 9, 2010. At that time, 46 days of the one-year limitations period remained. The limitations period ended on July 26, 2010. Brandon waited until August 5, 2010 before filing his federal petition. Even with the tolling effect of the fourth state habeas filing, Brandon's federal petition was filed too late.

Brandon does not identify any grounds for equitable tolling and the record discloses none. Brandon may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated *pro se* prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials

and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Brandon's delay in filing his state habeas application mitigates against the application of the tolling doctrine. *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Brandon does not satisfy any exception to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented him from filing an application for federal habeas relief before limitations ended. 28 U.S.C. § 2244(d)(1)(B). Brandon's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Brandon's claims relate to errors in the TDCJ records that he discovered at the latest on May 14, 2009. Brandon has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The pleadings and state court records show that Brandon's federal petition is untimely. The respondent is entitled to judgment as a matter of law.

### III. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 12), is granted. Brandon's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. Brandon's motion for extension of time to file response, (Docket Entry No. 13), is granted *nunc pro tunc*. All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Brandon has not made the showing necessary for issuance of a COA.

SIGNED on April 27, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge